RECORD PUBLISHING COMPANY, APPELLANT AND APPELLEE, v. KAINRAD, JUDGE, ET AL., APPELLEES; THE DAILY LEGAL NEWS, INC., APPELLEE AND APPELLANT.

[Cite as Record Publishing Co. *v.* Kainrad (1990), 49 Ohio St. 3d 296.]

(Nos. 88-2042 and 88-2105—Submitted January 10, 1990—Decided March 21, 1990.)

*Leigh Herington* and *Gary L. Pierce,* for appellant in case No. 88-

2105 and appellee in case No. 88-2042, Record Publishing Company.

*David Norris,* prosecuting attorney, for appellees Judge Joseph Kainrad et al., in case No. 88-2042.

*Gerald B. Graham,* for appellant in case No. 88-2042 and appellee in case No. 88-2105, The Daily Legal News, Inc.

*Spengler, Nathanson, Heyman, McCarthy & Durfee, Norman J. Rubinoff* and *Teresa L. Grigsby,* urging affirmance in case No. 88-2105 and reversal in case No. 88-2042, for *amicus curiae,* Ohio Assn. of Legal News Publishers.

*Baker & Hostetler, David L. Marburger* and *Mark R. Koberna,* urging affirmance in case No. 88-2042, for *amicus curiae,* Ohio Newspaper Assn., in case No. 88-2042.

DOUGLAS, J. This case presents us with a number of novel issues. May a newspaper, published once a week as a law journal, be classified as a "daily law journal" as used in R.C. 2701.09?[3] What is a newspaper of "general circulation" as set forth in R.C. 7.12?[4] Do judges of the courts of record in a county have the authority to designate a publication as the exclusive carrier of all notices which, by law, are required to be published in a newspaper of general circulation? Does a court, through its duly authorized members, have inherent authority to designate where its *court calendars* will be published?

In this case, the Legal News contends that the Legal News is a "daily" newspaper and that it is a newspaper of "general circulation." The Legal News also contends that the judges have both statutory authority and inherent power to designate the Legal News to publish court calendars and other notices required by law to be published so long as the court permits

---

[3] R.C. 2701.09 states in relevant part:

"In any county *in which a daily law journal is printed,* the judges of the courts of record, other than the court of appeals, *shall jointly designate such daily law journal* as the journal in which *shall be published all calendars of the courts of record* in such county, which calendars shall contain the numbers and titles of causes, and names of attorneys appearing therein, together with the motion dockets and such particulars and notices respecting causes, as may be specified by the judges, and each notice required to be published by any of such judges." (Emphasis added.)

[4] R.C. 7.12 provides in relevant part:

"Whenever any *legal publication is required by law to be made in a newspaper* published in a municipal corporation, county, or other political subdivision, *the newspaper shall also be a newspaper of general circulation* in the municipal corporation, county, or other political subdivision, *without further restriction or limitation* *upon a selection of the newspaper to be used.* * * *

"In addition to all other requirements, *a newspaper or newspaper of general circulation, except those publications performing the functions described in section 2701.09 of the Revised Code* for a period of one year immediately preceding any such publication required to be made, shall be a publication bearing a title or name, regularly issued as frequently as once a week for a definite price or consideration paid for by not less than fifty per cent of those to whom distribution is made, having a second class mailing privilege, being not less than four pages, published continuously during the immediately preceding one-year period, and circulated generally in the political subdivision in which it is published. *Such publication must be of a type to which the general public resorts for passing events of a political, religious, commercial, and social nature, current happenings, announcements, miscellaneous reading matter, advertisements, and other notices."* (Emphasis added.)

counsel to request that legal notices be published in some other publication.

Record argues the converse. Record contends that the Legal News is not a "daily" law journal, that it is not a newspaper of "general circulation," and that the judges do not have either statutory authority or inherent power to designate a specific publication as the only authorized place where legal notices may be published. Record also contends that the practical effect of the April 7, 1983 order is to require all notices to be published in the Legal News.

In answering these contentions, the court of appeals held that a law journal, which publishes the calendar of a court, may do so even if it publishes weekly, but only if there is no *daily* law journal published in the county. If there is a daily law journal published, then, held the court of appeals, R.C. 2701.09 requires that the *court calendar* be published in the daily law journal.

The court of appeals also held that the Legal News is a paper of general circulation. Finally, the court of appeals held that the April 7, 1983 order requiring publication of all legal notices in the Legal News, unless counsel requested otherwise, was invalid as being in violation of R.C. 7.12.

Except as to its finding that the Legal News is a paper of general circulation (an issue not dispositive of these appeals), we agree with the court of appeals. Accordingly, we affirm the judgment of the court of appeals in all material respects.

I

As to the issue of "daily law journal," R.C. 2701.09 requires a court to publish court calendars in a daily law journal if such a journal is published within the county. Record does not allege it is a daily law journal. The Legal News is published weekly and, therefore, it is obviously not a *daily* law journal. Hence, in the case at bar, a *daily* law journal is not published in Portage County. Therefore, the mandatory obligations on a court, pursuant to R.C. 2701.09, are not applicable.

We have long held that "[t]he power of a court to enforce its own proper orders is fundamental and inherent, as well as constitutional; necessarily so, to give it standing and afford respect and obedience to its judgment. This is upon the broad ground of public policy, and without which power the judicial edifice would fall. * * *" *Wind* v. *State* (1921), 102 Ohio St. 62, 64, 130 N.E. 35, 36.

Accordingly, if the county in which the court is located does not have a daily law journal, a court has the inherent authority to designate where its own court calendars will be published. Therefore, the orders of the judges so far as they can be construed to mandate that the courts' *own calendars* be published in the Legal News are a valid exercise of the judges' inherent authority and the judgment of the court of appeals in so holding is entirely proper.

II

While it is not central to our decision, the issue of whether the Legal News is a newspaper of "general circulation" was extensively briefed and argued. Because of the apparent interest in the question as to what factors must exist for a newspaper to be one of "general circulation," we make the following observations.

R.C. 7.12 clearly states that "[w]henever any legal publication is required by law to be made in a newspaper * * *, *the newspaper shall also be a newspaper of general circulation* in the municipal corporation, county, or other political subdivision * * *." (Emphasis added.) The statute then sets

forth specific requirements that must be met in order for a newspaper (except one performing the functions described in R.C. 2701.09, to wit: a newspaper authorized to publish *court calendars*) to be a publication of general circulation. Most of the requirements are self-explanatory and thus we comment only on that portion of the statute which provides that "[s]uch publication must be of a type to which the general public resorts for passing events * * *."

Legal News contends, and the court of appeals found, that Legal News is a newspaper of general circulation. We do not agree. Upon a thorough review of the record,[5] we are fully persuaded that it is unrealistic to believe that the general public would purchase Legal News to become appraised of passing events of a political, religious, commercial or social nature. Copies of the Legal News submitted as part of the record are, in fact, absolutely devoid of the type of "passing events" specifically referenced in R.C. 7.12.

There is good reason for the "general circulation" requirement. The purpose of "notice" is to provide "* * * information, an advice, or written warning, in more or less formal shape, intended to appraise a person of some proceeding in which his interests are involved, or informing him of some fact which it is his right to know and the duty of the notifying party to communicate." Black's Law Dictionary (5 Ed. 1979) 957.

In addition, there are a number of statutory provisions and rules which permit and require, under certain circumstances, that notice be given by publication.[6] For example, Civ. R. 4.4 provides:

"When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. * * *

"Upon the filing of an affidavit the clerk shall cause service of notice to be made by publication in a *newspaper of general circulation* in the county in which the complaint is filed." (Emphasis added.)

Further, notice, as a part of general constitutional law, requires that "* * * if feasible, notice must be reasonably calculated to inform the parties of proceedings which may directly and adversely affect their legally protected interests." *Walker* v. *Hutchinson* (1956), 352 U.S. 112, 115.

Thus, literally construed, R.C. 7.12 provides a means by which interested parties involved in litigation can receive adequate notice. Applying these tests, the Legal News, a weekly publication with circulation of two hundred fifty-one and not publishing news of "passing events," is not a newspaper of general circulation. Record, with a daily circulation of approximately twenty-five thousand and publishing news of "passing events," is a newspaper of general circulation.

For this reason alone, the order of April 7, 1983 is invalid in that the Legal News is not a newspaper of general circulation. There is, however, a further statutory reason why the order of April 7, 1983 is not valid.

### III

The April 7, 1983 rule amendment required "* * * *[a]ll notices*, advertise-

---

[5] Copies of the December 13, 1984, February 21, 1985, May 30, 1985, June 27, 1985, September 5, 1985, and October 3, 1985 editions of the Portage County Legal News are part of the record.

[6] See, *e.g.*, R.C. 1317.16(B), 3501.03, 5917.05 and 5721.03(B)(1).

ments, abstracts, and publications, including all notices and advertisements of foreclosures * * * *shall be published in the* * * * *Legal News* * * * unless counsel * * * requests * * * another newspaper of general circulation within the county." (Emphasis added.)

To determine whether this amendment to the court rules is valid, we again must examine R.C. 7.12. A publication is a proper place to publish legal notices when it meets the requirements of the statute including that of being a newspaper of general circulation. When these conditions are met, the newspaper is approved and, as the statute provides, there is to be no "further restriction or limitation upon a selection of the newspaper to be used. * * *"

Legal News argues that, notwithstanding the seemingly clear dictates of the statute, the amendment is within the judges' inherent and constitutional authority. The court of appeals disagreed and so do we.

The language of the statute is clear and mandatory. When a newspaper meets the statutory qualifications to publish legal notices, there can be no further restriction or limitation placed upon that newspaper's right to publish such notices. Because the April 7, 1983 amendment to the court rules requires that such notices be published in the Legal News (unless counsel requests otherwise), the rule amendment runs afoul of R.C. 7.12 in that it places a further restriction or limitation upon selection of the newspaper to be used. Thus, the order of April 7, 1983 is invalid and void.

### IV

Accordingly, we hold that a legal news newspaper, published once each week, is not a "daily" law journal. Further, we hold that if a county has a daily law journal printed in the county, the judges of the courts of record in the county, excluding the judges of the court of appeals, are required to designate such journal as the place where all calendars of the courts of record in that county will be published. Additionally, we hold that if a county in which the court is located does not have a daily law journal, the judges of the courts of record in the county have the inherent authority to designate where the courts' own calendars will be published.

We also hold that to be a "newspaper of general circulation," a publication must meet all the requirements of R.C. 7.12, including the requirement that the publication be of a type to which the general public resorts for news of passing events. Finally, we hold that the judges of the courts of record in a county do not have the authority to designate a specific publication to be the exclusive carrier of all notices which, by law, are required to be published in a newspaper of general circulation.

The judgment of the court of appeals is modified and as modified, is affirmed.

*Judgment affirmed as modified.*

SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

MOYER, C.J., and H. BROWN, J., concur separately.

MOYER, C.J. I concur in the syllabus and judgment and analysis of issues contained in Parts I and III of the majority opinion. I write separately to suggest that the discussion under Part II relating to the question of whether the "Legal News" is a newspaper of "general circulation" is, as the majority states, "not central to our decision." In fact, it is dictum. I believe we are ill-advised to construe a statute

where such construction is merely an "observation."

H. BROWN, J., concurring. I agree with the syllabus, judgment and analysis of the issues contained in the majority opinion. I write separately to emphasize that the size of circulation should not determine whether a newspaper is one of "general circulation." The majority may not believe that to be the law, but I fear an unwarranted emphasis on circulation numbers could result from the majority's comparison of the circulation of The Portage County Legal News against that of the Record-Courier and from the majority's reference to circulation numbers and the fact of weekly publication in summarizing the reasons why the Legal News is not a newspaper of general circulation.

The governing statute provides that a newspaper of general circulation *"must be of a type to which the general public resorts* for passing events of a political, religious, commercial, and social nature, current happenings, announcements, miscellaneous reading matter, advertisements, and other notices." (Emphasis added.) R.C. 7.12. The statute refers to the *qualitative* nature of the publication, not the *quantity* of subscribers or readers. A weekly community newspaper of very low circulation could qualify under the statute, while a widely circulated technical or trade journal, appealing to a particular kind of reader instead of the general public, would not. The Legal News fails the statutory test because it is not a newspaper "of a type to which the general public resorts," and not because of its circulation. Our opinion in this case should not be read as judicially amending the statute to require that a certain percentage of the population must read a publication in order for it to be a newspaper of general circulation. With that caveat, I concur in the majority's opinion.