[THE STATE, EX REL.] COURT INDEX PRESS, INC., *v.*
DETERS, CLERK OF COURTS, ET AL.

[Cite as State, ex rel. Court Index Press, Inc., *v.* Deters
(1990), 56 Ohio St. 3d 140.]

(No. 90-1039—Submitted November 14, 1990—Decided December 20, 1990.)

*Strauss & Troy, George H. Palmer*
and *Mitchell B. Goldberg,* for relator.
*Arthur M. Ney, Jr.,* prosecuting
attorney, *James W. Harper* and *Robert
E. Taylor,* for respondents.

*Gerald L. Draper* and *Albert L. Bell,* urging granting of the writ for *amicus curiae,* Ohio State Bar Association.

*Keating, Muething & Klekamp, Timothy A. Garry* and *Robert A. Klinger,* urging denial of the writ for *amici curiae,* The Cincinnati Enquirer, Division of Gannett Satellite Information Network, Inc., and Scripps-Howard, Inc., d.b.a. The Cincinnati Post.

H. BROWN, J. In this case, we must determine whether the relator is entitled to a writ of mandamus directing respondents to permit it to publish legal notices. For the reasons which follow, we hold that the Court Index qualifies as a newspaper of general circulation under R.C. 7.12, and that respondents' directives disqualifying relator from publishing legal notices are contrary to the fourth syllabus paragraph of *Record Publishing Co.* v. *Kainrad* (1990), 49 Ohio St. 3d 296, 551 N.E. 2d 1286. We grant the writ of mandamus.

I

A writ of mandamus will issue where the relator demonstrates a clear legal right to the relief prayed for, the respondent has a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. As a threshold issue, we must address respondents' claim that relator has an adequate remedy at law through a declaratory judgment action.

In the second syllabus paragraph

of *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525, we held that "[t]he availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. However, where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of a mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled."

The instant case falls squarely within this rule. Relator seeks more than an abstract declaration that the Court Index is a newspaper of general circulation; it also asks this court to direct the respondents to "remove any order, direction or impediment from qualifying [r]elator" to publish legal notices in Hamilton County. Relator may do so through an action in mandamus, provided that relator establishes its legal right and respondents' legal duty.

II

We next consider whether relator is entitled to the writ. The parties have stipulated that "at least one" respondent has, in some manner, restricted the relator from publishing legal notices[1] on the ground that the Court Index is not a newspaper of general circulation under R.C. 7.12. Relator contends that it is qualified to print notices under R.C. 7.12 by virtue of its status as an official publisher of court

---

[1] In their agreed statement of facts, the parties do not indicate which particular respondents have imposed these restrictions, or what form they take. This information is not, however, necessary to our resolution of this case.

calendars under R.C. 2701.09, and, consequently, that respondents' restrictions are invalid. In order to resolve these issues, we must again examine the statutes governing notice by publication.

R.C. 7.12, which defines a "newspaper of general circulation," states in pertinent part:

*"Whenever any legal publication is required by law to be made in a newspaper* published in a municipal corporation, county, or other political subdivision, the newspaper shall also be a newspaper of general circulation in the municipal corporation, county, or other political subdivision, without further restriction or limitation upon a selection of the newspaper to be used. * * *

"In addition to all other requirements, a newspaper or newspaper of general circulation, *except those publications performing the functions described in section 2701.09 of the Revised Code for a period of one year immediately preceding any such publication required to be made,* shall be a publication bearing a title or name, regularly issued as frequently as once a week for a definite price or consideration paid by not less than fifty percent of those to whom distribution is made, having a second class mailing privilege, being not less than four pages, published continuously during the immediately preceding one-year period, and circulated generally in the political subdivision in which it is published. Such publication must be of a type to which the general public resorts for passing events of a political, religious, commercial, and social nature, current happenings, announcements, miscellaneous reading matter, advertisements, and other notices." (Emphasis added.)

R.C. 2701.09, which governs the publication of court calendars, states in pertinent part:

"In any county in which a daily law journal is printed, the judges of the courts of record, other than the court of appeals, shall jointly designate such daily law journal as the journal in which shall be published all calendars of the courts of record in such county * * *."

## A

Respondents initially contend, based on their reading of our decision in *Record Publishing Co.* v. *Kainrad,* that relator has no clear legal right to publish legal notices because the Court Index is not a newspaper of general circulation.

In *Record Publishing Co., supra,* we observed that a particular weekly "legal news"-style newspaper failed to qualify as a "newspaper of general circulation" under R.C. 7.12 because it was not of a type to which the general public resorts for news of "passing events." *Id.* at 301, 551 N.E. 2d at 1291. Many in Ohio's legal community (such as respondents) misinterpreted this as a proclamation that all "legal news"-style newspapers (such as the Court Index) are prohibited from publishing legal notices. See, *e.g.,* Beth Short, *Law journals, lawyers wrestle with public notice ruling,* The Daily Reporter (June 6, 1990) 1.

This misinterpretation ignores the special status accorded by the statute to official publishers of court calendars. The second paragraph of R.C. 7.12 "sets forth specific requirements that must be met in order for a newspaper (*except one performing the functions described in R.C. 2701.09,* to wit: a newspaper authorized to publish court calendars) to be a publication of general circulation." (Emphasis added; emphasis in original deleted.) *Record Publishing Co., supra,* at 300-301, 551 N.E. 2d at 1290. Those newspapers which are designated as official publishers of court calendars, pursuant

to R.C. 2701.09, are, by virtue of this designation, automatically qualified as newspapers of general circulation, without having to meet the tests contained in the second paragraph of R.C. 7.12.

Here, it is undisputed that the Court Index is a "daily law journal" which has been designated as the official publisher of the calendars of the Hamilton County Common Pleas and Municipal Courts pursuant to R.C. 2701.09. The only R.C. 7.12 requirement which respondents claim the Court Index lacks (that it is not "of a type to which the general public resorts for passing events") does not apply because of the exemption which the General Assembly has provided in R.C. 7.12 for official publications of court calendars. Therefore, the Court Index qualifies as a newspaper of general circulation under R.C. 7.12, and legal notices may be published in it.[2]

The instant case is clearly distinguishable from *Record Publishing Co.* The newspaper at issue in that case was published weekly, not daily, and could not qualify as an official publisher of court calendars under R.C. 2701.09. *Record Publishing Co.,*

*supra,* paragraphs one and two of the syllabus.

### B

Respondents further contend that, even if the Court Index did meet the requirements of R.C. 7.12, they are vested with discretion to select which of the several newspapers of general circulation in Hamilton County may be used. From this, they argue that relator has no clear legal right to publish legal notices and they have no clear legal duty to permit relator to publish them.

R.C. 7.12 mandates that legal notices be published in a newspaper of general circulation "without further restriction or limitation upon a selection of the newspaper to be used." This clause prohibits courts from selecting which particular newspaper shall publish its notices, thereby giving all newspapers of general circulation in a county equal access to the legal publishing market. The only exception is for notices of sheriff's sale published pursuant to R.C. 2329.26, which specifically permits the court to select the newspaper. See *State, ex rel. The Daily Reporter,* v. *Franklin Cty. Court of Common Pleas* (1990), 56 Ohio St. 3d 145, 565 N.E. 2d 536. In *Record Pub-*

---

[2] Respondents and their supporting *amici* also argue that the Court Index is not a newspaper of general circulation because, they contend, no notice published in a "legal news"-style newspaper such as the Court Index can possibly satisfy the constitutional due process right to adequate notice. Relator makes the seemingly plausible response that legal publications have been recognized by the legislature as the place where readers interested in such notices would most likely look.

This issue is not properly before us. Respondents are not contesting the adequacy of any particular legal notice directed to them which was published in the Court Index. They have not identified any due

process interest of theirs which would be injured if the relator continues to publish legal notices directed at other persons. Nor have they established standing to assert the due process rights of anyone not a party to the instant case who has been the object of any legal notice published in the Court Index. Given the lack of a real party in interest, any pronouncement we might make would be purely advisory, "* * * and it is well-settled that this court does not indulge itself in advisory opinions." *Armco, Inc.* v. *Pub. Util. Comm.* (1982), 69 Ohio St. 2d 401, 406, 23 O.O. 3d 361, 365, 433 N.E. 2d 923, 926; see, also, *Cascioli* v. *Central Mut. Ins. Co.* (1983), 4 Ohio St. 3d 179, 183, 4 OBR 457, 460, 448 N.E. 2d 126, 129.

*lishing Co., supra,* we held that R.C. 7.12 invalidated a practice of officially designating one of two competing newspapers in the county as the preferred publication for legal notices.

Here, several of the respondents have declared that one of Hamilton County's several competing newspapers of general circulation[3] cannot publish legal notices. Like the preferential designation we invalidated in *Record Publishing Co.,* this is a "further restriction or limitation upon a selection of the newspaper to be used" prohibited by R.C. 7.12. While a writ of mandamus may not be used to control the exercise of a public official's discretion within its proper bounds, *e.g., State, ex rel. Murr,* v. *Meyer* (1987), 34 Ohio St. 3d 46, 47, 516 N.E. 2d 234, 234-235, respondents have no discretion to deny relator the opportunity to publish legal notices in violation of R.C. 7.12.

## Conclusion

Accordingly, we hold that (1) the availability of a declaratory judgment action does not bar relator from seeking relief through mandamus; (2) relator's publication, the Cincinnati Court Index, qualifies as a newspaper of general circulation under R.C. 7.12 by virtue of its designation, pursuant to R.C. 2701.09, as the official publication of the court calendars for the Hamilton County Municipal and Common Pleas Courts; (3) as the publisher of a newspaper of general circulation, relator has a clear legal right, granted by R.C. 7.12, to engage in the business of publishing legal notices in Hamilton County; and, (4) respondents have a clear legal duty not to interfere with this right. We hereby issue a writ of mandamus directing respondents to withdraw any directive and cease any practice which purports to exclude the relator from publishing legal notices in Hamilton County, except where such directive or practice is authorized by R.C. 2329.26.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. Because I differently interpret what I believe to be the clear language of R.C. 7.12, I respectfully dissent.

---

[3] Hamilton County is home to two large-circulation daily newspapers, The Cincinnati Enquirer and The Cincinnati Post, which meet the requirements of R.C. 7.12. Those papers are published by *amici curiae* Gannett Satellite Information Network and Scripps-Howard, respectively. In addition, according to the listings in the 1990-1991 Cincinnati and Hamilton County Consumer Yellow Pages, at 684, there are at least thirty other newspapers published in Hamilton County. Some of these publications might also qualify as newspapers of general circulation under R.C. 7.12.