THE STATE, EX REL. THE DAILY REPORTER, *v.*
COURT OF COMMON PLEAS OF FRANKLIN COUNTY ET AL.

[Cite as State, ex rel. The Daily Reporter, *v.*
Franklin Cty. Court of Common Pleas (1990),
56 Ohio St. 3d 145.]

(No. 90-1223—Submitted November 19, 1990—Decided December 20, 1990.)

*Vorys, Sater, Seymour & Pease, C. William O'Neill* and *Robert N. Webner,* for relator.

*Michael Miller,* prosecuting attorney, *William B. Shimp, Jr.* and *Harland H. Hale,* for respondents.

*Thompson, Hine & Flory, Daniel W. Hammer* and *James B. Niehaus,* urging granting of the writ for *amicus curiae,* The Legal News Publishing Company.

*Per Curiam.* Relator complains that the respondents have acted outside their jurisdiction and authority in ordering that notices of sheriff's sale in six separate foreclosure actions be withdrawn from publication in The Daily Reporter and published instead in The Columbus Dispatch. The orders were issued upon the motion of RCR Services, Inc., plaintiff in each of the foreclosure actions, which based its motion upon the decision of this court in *Record Publishing Co.* v. *Kainrad* (1990), 49 Ohio St. 3d 296, 551 N.E. 2d 1286. The orders issued by the trial courts, however, found only that the order should issue for "good cause shown" and did not expressly apply or construe the rule of *Record Publishing Co.* v. *Kainrad, supra.*

Prohibition is an extraordinary writ issued to prevent a court or tribunal from usurping or exercising judicial power or judicial functions which have not been conferred upon it by law. *State, ex rel. Winnefeld,* v. *Butler Cty. Court of Common Pleas* (1953), 159 Ohio St. 225, 50 O.O. 263, 112 N.E. 2d 27, paragraph one of the syllabus. Three conditions must exist to support the issuance of a writ of prohibition: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the

writ would result in injury for which there is no adequate remedy in the ordinary course of law. *State, ex rel. Racing Guild of Ohio,* v. *Morgan* (1985), 17 Ohio St. 3d 54, 17 OBR 45, 476 N.E. 2d 1060.

Relator's argument that respondents have acted outside their jurisdiction and authority has two parts. First, relator argues that respondents have misconstrued the rule of *Record Publishing Co.* v. *Kainrad, supra,* to find that The Daily Reporter is not a newspaper of general circulation. Relator urges us to find that it is a "newspaper of general circulation," as the term is construed by that decision and defined in R.C. 7.12. Second, relator urges us to find that because it is a newspaper of general circulation, respondents are prohibited by R.C. 7.12 from restricting or limiting its use and that their orders are, therefore, unauthorized by law.

The Franklin County Court of Common Pleas has, pursuant to R.C. 2701.09, designated The Daily Reporter as the daily law journal in which all calendars of the court are published.[1] Therefore, The Daily Reporter qualifies as a "newspaper of general circulation" under R.C. 7.12. See *State, ex rel. Court Index Press, Inc.,* v. *Deters* (1990), 56 Ohio St. 3d 140, 565 N.E. 2d 532, distinguishing *Record Publishing Co.* v. *Kainrad, supra.*

R.C. 7.12 provides in relevant part:

"Whenever any legal publication is required by law to be made in a newspaper published in a municipal corporation, county, or other political subdivision, the newspaper shall also be a newspaper of general circulation in the

municipal corporation, county, or other political subdivision, *without further restriction or limitation upon a selection of the newspaper to be used.* * * *"* (Emphasis added.)

We have held that R.C. 7.12 deprives the clerks and judges of the inferior courts of the discretion to deny a newspaper of general circulation of the opportunity to publish the notices contemplated by the statute, and we have found that mandamus may issue to prevent such orders. *State, ex rel. Court Index Press, Inc., supra,* at 143-144, 565 N.E. 2d at 535-536. However, whether a writ may issue depends on the particular facts of each case.

The actions of the respondents were orders for publication of notices of sheriff's sale in actions of foreclosure. R.C. 2329.26 provides:

"Land and tenements taken in execution shall not be sold until the officer taking them gives public notice of the time and place of sale, for at least thirty days before the day of sale, by advertisement in a newspaper published in and of general circulation in the county. *The court ordering sale may, in the order of sale, designate the newspaper in which such notice shall be published.*" (Emphasis added.)

The provisions of R.C. 7.12 against restricting or limiting the use of a newspaper of general circulation cannot be reconciled with the conflicting provision of R.C. 2329.26 permitting a court to designate the newspaper in which a notice of sale is published. If a conflict between a general provision and a special provision of the Revised Code is irreconcilable, "the special * * * provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." R.C. 1.51.

The two statutes, R.C. 7.12 and

---

[1] Loc. R. 21 of the Rules of Practice of the Court of Common Pleas of Franklin County, General Division.

2329.26, were most recently amended in the same legislation[2] and became effective the same date, October 7, 1977. We conclude that the manifest intent of the legislature was that the special provision, R.C. 2329.26, prevail over and be an exception to the general provision, R.C. 7.12, in regard to the authority of a court to designate a newspaper for publication of an order of sale of property taken in execution.

The orders of respondents removing the notices from publication from The Daily Reporter and ordering their publication in The Columbus Dispatch were orders of designation permitted by R.C. 2329.26 and were not, therefore, unauthorized by law. Because a

---

[2] Am. H.B. No. 42 (137 Ohio Laws, Part I, 1793-1794, 1811).

writ of prohibition may issue only to prevent a court from usurping or exercising judicial power or functions not conferred on it by law, a writ may not issue on the grounds complained of by relator.

For the foregoing reasons, the writ of prohibition is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, GRADY and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

THOMAS J. GRADY, J., of the Second Appellate District, sitting for H. BROWN, J.