**HRABAK, et al., Appellees,**

v.

**COLLINS, Appellant.**

[Cite as *Hrabak v. Collins* (1995), 108 Ohio App.3d 117.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68913.

Decided Dec. 26, 1995.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Richard L. Demsey, Joel Levin* and *Sandra J. Rosenthal,* for appellees.

*Kuepper, Walker, Hawkins & Chulick* and *Judson J. Hawkins,* for appellant.

O'DONNELL, Judge.

Defendant Marlene Collins appeals from an order of the common pleas court denying her motion to vacate a $125,000 default judgment entered in favor of James and Gertrude Hrabak. Appellant has filed four assignments of error, urging that because service had not been perfected, the trial court lacked jurisdiction to enter the original judgment and therefore erred in denying the motion to vacate it. We disagree and affirm the judgment of the trial court.

The facts leading to this appeal are generally agreed upon. On September 18, 1992, James and Gertrude Hrabak filed a complaint against Marlene Collins for injuries arising out of an intersection collision which occurred at West Boulevard and Lorain on December 22, 1990. Because service was not obtained, the trial court dismissed that case without prejudice on April 14, 1993.

The Hrabaks then refiled the matter on September 1, 1993 but again failed to obtain certified mail service on Collins. Counsel for the Hrabaks had utilized the address for Collins found in the police report of the accident, had contacted the United States Postal Service to obtain a current address, had checked with the Bureau of Motor Vehicles, had tried but could not locate a listed telephone number for Collins, and had asked Collins's insurance carrier and counsel for the carrier for a current address but learned from defense counsel only that Collins lived in Cuyahoga County. After making these efforts, counsel served Collins in accordance with R.C. 2703.20, by perfecting service on the Secretary of State, and also served Collins by publication in the Daily Legal News. Thereafter on June 7, 1994, counsel filed a motion for default judgment but did not send a copy of this motion to the insurance carrier or to defense counsel. On July 14, 1994, the trial court entered default judgment for $105,000 for James Hrabak and an additional $20,000 for Gertrude Hrabak on her consortium claim.

The record reflects that, on October 11, 1994, counsel for Collins filed a motion to vacate the judgments and, after full briefing, the court denied this motion without hearing on December 13, 1994. Collins then filed a notice of appeal on April 27, 1995, seeking to challenge the December 13, 1994 order[1] and assigned the following four errors:

"I. When a motion to vacate pursuant to Civil Rule 60(B) establishes that the court lacked jurisdiction over the movant, the judgment rendered is void and the movant is entitled to have the judgment vacated, a refusal to vacate such a judgment is an abuse of discretion.

"II. Perfection of service pursuant to R.C. 2703.20 requires a party to prove either the owner/operator of any motor vehicle has either become a non-resident or concealed his whereabouts. In the absence of such facts from which a reasonable inference can be made, there is no service pursuant to R.C. 2703.20.

"III. A party seeking to obtain service pursuant to Rule 4.4(A) must file an affidavit which complies with the requisites of Civil Rule 4.4(A). An affidavit's failure to state all of the efforts made on behalf of the party to ascertain the residence of the defendant results in a failure of service of the party and an absence of jurisdiction over that party by the trial court.

"IV. Where, prior to proper service, plaintiff and defendant have communicated both in writing and orally, the defendant has 'appeared' in the action for the purposes of Civil Rule 55, plaintiff being aware of the defendant's appearance is required to serve upon the defendant a copy of his motion for default judgment and a notice of the hearing."

■ In the first assignment of error appellant suggests that the trial court abused its discretion in denying the motion to vacate because no hearing was held, the court lacked jurisdiction over Collins and, therefore, the judgment is void.

Appellees urge that the trial court correctly denied the motion to vacate because service had been perfected and the judgment was therefore valid.

The issue for our resolution is whether the court abused its discretion in ruling on the motion for relief from judgment filed pursuant to Civ.R. 60(B).

■ In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, the court set forth the elements a movant must establish in order to sustain a Civ.R. 60(B) motion for relief from judgment: a meritorious defense, entitlement to judgment under grounds contained in the

---

1. A separate panel of this court denied, without explanation, the Hrabaks' motion to dismiss the appeal as untimely filed.

rule, and timeliness of the motion. Further, in *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469, our court held that the movant has no automatic right to a hearing on a motion for relief from judgment. The fact then that the trial court did not conduct a hearing in this instance is not error.

In *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149, the court defined the term "abuse of discretion":

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610]."

Upon our review of the docket in this case, the record clearly reflects that the Hrabaks perfected service on Collins not only by publication but also pursuant to R.C. 2703.20. Because service had been completed, the trial court did not err in granting judgment and did not abuse its discretion by not holding a hearing. Therefore, this assignment of error is overruled.

Appellant's second and third assignments of error are related. Here appellant maintains that R.C. 2703.20 requires evidence to demonstrate that Collins concealed her whereabouts before service can be made on the Secretary of State and further that no such evidence exists in this case. In the third assignment, appellant argues failure of service by publication for two reasons: one, because the affidavit required by Civ.R. 4.4(A) is defective, and two, because the Daily Legal News is not a newspaper of general circulation which can be used for service by publication. Accordingly, appellant urges that because no service exists in this case, the trial court never obtained jurisdiction over Collins.

Appellees counter by arguing that the Franklin County Sheriff personally served the Secretary of State in accordance with R.C. 2703.20 and that the exhibits and transcript in this case describe in detail the reasonable efforts made to serve appellant.

We must now consider whether the provisions of R.C. 2703.20 and/or Civ.R. 4.4(A) have been satisfied. We shall begin by examining the requirements of R.C. 2703.20, which states:

"[A]ny resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, * * * makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit * * *."

■ The issue raised by this assigned error is whether appellant Collins concealed her whereabouts for purposes of designating the Secretary of State for service in this case. We know in this case that appellant provided a Warren Road address to police at the time of the accident investigation and had advised the Bureau of Motor Vehicles of this same address. We also know that she had moved from that address, made her insurance carrier and defense counsel aware of her new address, did not have a published telephone number, and did not notify the post office of her forwarding address. We further know that plaintiffs' counsel attempted to serve Collins, had filed two separate lawsuits, had contacted the carrier and defense counsel but failed to discover an address to obtain personal service on Collins. Service of summons is not a game played between plaintiff and defense counsel to determine who can outwit the other. Having failed to perfect personal service by conventional efforts made in the exercise of reasonable diligence, plaintiffs' counsel properly served the Secretary of State to perfect service.

Civ.R. 4.4(A) states:

" * * * Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."

Appellant here urges that the affidavit filed in this case is insufficient and therefore defective and also argues that the Daily Legal News is not a newspaper of general circulation suitable for service by publication. In support of this claim, appellant cites R.C. 7.12, which states in part:

"Whenever any legal publication is required by law to be made in a newspaper published in a municipal corporation, county, or other political subdivision, the newspaper shall also be a newspaper of general circulation in the municipal corporation, county, or political subdivision * * *.

"Such publication must be of a type to which the general public resorts for passing events of a political, religious, commercial, and social nature, current happenings, announcements, miscellaneous reading matter, advertisements, and other notices."

Appellee, on the other hand, also cites R.C. 7.12 and argues that the Daily Legal News has been designated to publish the calendar of Cuyahoga County Common Pleas Court pursuant to R.C. 2701.09 and, therefore, is a newspaper of general circulation.

We begin by reviewing R.C. 7.12, which defines a "newspaper of general circulation" as

" * * * a newspaper or newspaper of general circulation, except those publications performing the functions described in Section 2701.09 of the Revised Code for a period of one year immediately preceding any such publication to be made, shall be a publication bearing a title or name, regularly issued as frequently as once a week for a definite price or consideration paid for by not less than fifty per cent of those to whom distribution is made, having a second class mailing privilege, being not less than four pages, published continuously during the immediately preceding one-year period, and circulated generally in the political subdivision in which it is published."

Further, R.C. 2701.09 states:

"In any county in which a daily law journal is printed, the judges of the courts of record, other than the court of appeals, shall jointly designate such daily law journal as the journal in which shall be published all calendars of the courts of record in such county, which calendars shall contain the numbers and titles of causes, and names of attorneys appearing therein, together with the motion dockets and such particulars and notices respecting causes, as may be specified by the judges, and each notice required to be published by any of such judges.

"In all cases, proceedings, administrations of estates, assignments, and matters pending in any of the courts of record of such counties in which legal notices or advertisements are required to be published, such law journal shall, once a week and on the same day of the week, publish an abstract of each such legal advertisement, but the jurisdiction over, or irregularity of, a proceeding, trial, or judgment shall not be affected by anything therein. * * *"

Finally, Loc.R. 14 of the Cuyahoga County Common Pleas Court states:

"(A) The 'Daily Legal News and Cleveland Recorder,' a daily law journal and newspaper of general circulation, is designated as the official publication of this court. All official and legal notices required by law or ordered by the court to be published may be published in the daily law journal. * * *"

█ Instructive on this question is *State ex rel. Court Index Press, Inc. v. Deters* (1990), 56 Ohio St.3d 140, 565 N.E.2d 532, where the court held that:

"A daily law journal which is designated as 'the journal in which shall be published all calendars of the courts of record' pursuant to R.C. 2701.09, qualifies as a 'newspaper of general circulation' under R.C. 7.12 and legal notices may be published in it. (R.C. 7.12 and 2701.09, construed; *Record Publishing Co. v. Kainrad* (1990), 49 Ohio St.3d 296, 551 N.E.2d 1286, paragraph three of the syllabus distinguished and explained.)" *Id.* at syllabus.

█ Accordingly, we are persuaded that the Daily Legal News is a newspaper of general circulation in conformity with R.C. 7.12 and is an appropriate paper for advertising notice of service by publication. The overriding considerations in this case are that appellant's counsel knew of pending litigation and continuing efforts to serve his client. Clearly, this imposes a duty on counsel to monitor newspapers of general circulation for such notices of service by publication.

We find no merit to either of these assignments of error.

█ In the fourth assignment of error, counsel for appellant urges our court to adopt the rule that where, prior to obtaining service, counsel for plaintiff and counsel for defendant have identified each other, and where counsel for defendant refused to provide an address to perfect service on defendant, nonetheless, those communications constitute an appearance pursuant to Civ.R. 55 and plaintiff's counsel is obligated to notify defense counsel of its motion for default.

Appellees contend that no obligation arose to provide any notice to defense counsel pursuant to Civ.R. 55.

The issues then presented for our review are what constitutes an appearance in a case and whether appellees were obligated to notify appellant's counsel of the motion for default filed in the case.

Civ.R. 55(A) states:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"

Further, Civ.R. 5(A) states:

"[E]very written motion other than one which may be heard ex parte, and every written notice, *appearance*, demand, offer of judgment, and similar paper *shall be served* upon each of the parties. * * *" (Emphasis added.)

In this case, it is apparent that private communication between counsel, not part of the record in the case, is of no legal force or effect, and it would be unwarranted to raise these kinds of communications to the level of pleadings. Accordingly, based on the facts and circumstances presented in this case, appellees were not obligated to notify appellant of the filing of the motion to dismiss.

We find no abuse of discretion on the part of the trial court in its conduct of this case and no merit to the assigned errors. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., and DYKE, J., concur.