DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the Beacon Journal Publishing Co., appeals from the order of the Summit County Court of Common Pleas granting summary judgment in favor of appellee, the Akron Legal News, Inc. We affirm.
 I.
On November 8, 1995, the Beacon Journal filed a declaratory judgment action in the Summit County Court of Common Pleas. The Beacon Journal named the following as defendants in the suit: five Summit County entities (the board of elections, the county executive, the county treasurer, the county auditor, and the county council), the Legal News and the Cleveland Plain Dealer. In its complaint, the Beacon Journal claimed the county entities improperly published certain public notices in the Plain Dealer and the Legal News. The Beacon Journal maintained such notices should be published only in its newspaper, because the Beacon Journal qualified as the only "newspaper of general circulation" in the county.
The Beacon Journal dismissed its claims against the Plain Dealer, the board of elections, the county executive, and the county council without prejudice on June 17, 1996. By stipulated order dated June 18, 1996, the parties agreed the Legal News was unqualified to publish legal advertising issued by the county auditor pursuant to R.C. 5719.04, 5721.03, and 5723.05. Thus, the only issue left in controversy related to the authority of the Legal News to publish notices of the county treasurer pursuant to R.C. 5721.14, 5721.18, and 5721.19(B). Both parties moved for summary judgment regarding this issue and the trial court heard oral argument on the motions on June 17, 1996. On October 10, 1996, the trial court granted summary judgment in favor of the Legal News, holding that the Legal News is authorized to publish notices pursuant to R.C. 5721.14, 5721.18 and 5721.19(B). The Beacon Journal timely appealed the trial court's decision.
 II.
The Beacon Journal presents two assignments of error for our review. We afford each separate consideration. Because both assignments of error challenge the trial court's grant of summary judgment, we initially outline the proper standard of review.
In reviewing the trial court's entry of summary judgment, this court must employ the same standard used by the trial court.Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327; Delkerv. Ohio Edison Co. (1989), 47 Ohio App.3d 1, 2.
 A. The trial court erroneously granted summary judgment tothe Akron Legal News thereby permitting it to publish noticesof foreclosure that arise in foreclosure and forfeitureproceedings (R.C. 5721.14) (sic), service by publicationnotices that arise in foreclosures upon lien of stateproceedings (R.C. 5721.18) (sic) and notices of delinquentland sales (R.C. 5721.19) (sic). The legislature intendedthat these notices be published in a newspaper of generalcirculation as defined in R.C. 5721.01(B) and not in a courtdesignated law journal such as the Akron Legal News.
In its first assignment of error, the Beacon Journal alleges the trial court erred in granting summary judgment in favor of the Legal News because the Legal News is not a "newspaper of general circulation" for the purposes of R.C. 5721.14, 5721.18 and5721.19. The Beacon Journal maintains that the legislature intended the definition of a "newspaper of general circulation" included in R.C. 5721.01(B) to apply to R.C. 5721.14, 5721.18 and5721.19. The assignment of error is not well taken.
R.C. 5721.01(B) provides the following:
 As used in sections 5719.04 and 5721.03 of the Revised Code and in any other sections of the Revised Code to which those sections are applicable, a newspaper or newspaper of general circulation shall be a publication bearing a title or name, regularly issued as frequently as once a week for a definite price * * *, having a second class mailing privilege, being not less than four pages, published continuously during the immediately preceding one-year period, and circulated generally within the political subdivision in which it is published. Such publication shall be of a type to which the general public resorts for passing events of a political, religious, commercial, and social nature, current happenings, announcements, miscellaneous reading matter, advertisements, and other notices.
The Beacon Journal argues that "[i]f a newspaper must possess the attributes set forth in R.C. 5721.01(B) before it can be used to publish tax lists of delinquent and vacant lands, then it necessarily follows that the legislature intended that a newspaper possess these minimum attributes before it could be used to publish notices of the commencement of foreclosure proceedings and notices of sale that are part of the same subject matter, i.e. the collection of delinquent real property taxes." It further claims the legislature "never meant * * * to render the definition [of a "newspaper of general circulation" contained in R.C. 5721.01(B)] inapplicable to the notices provided for in the very chapter in which the definition was placed." We believe the Beacon Journal's interpretation of R.C. 5721.01(B) broadens the scope of the statute beyond the legislature's intention.
This court is obliged to apply the statute at issue as it is written. R.W. Sidley, Inc. v. Limbach (1993), 66 Ohio St.3d 256,257. "There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for." Vought Industries, Inc. v. Tracy (1995), 72 Ohio St.3d 261,265, quoting State ex rel. Foster v. Evatt (1944), 144 Ohio St. 65, paragraph eight of the syllabus. R.C. 5721.01(B) provides that its definition of a "newspaper of general circulation" controls in R.C. 5719.04 and 5721.03 and "and in any other sections of the Revised Code to which those section areapplicable." (Emphasis added.) Examination of the language of R.C. 5721.14, 5721.18 and 5721.19 indicates R.C. 5719.04 and5721.03 are not applicable to those sections for the purposes of the definition of a "newspaper of general circulation."
R.C. 5719.04 governs the county auditor's creation and publishing of lists of delinquent personal and general property taxes. R.C. 5721.03 governs the county auditor's creation and publishing of lists of lands upon which taxes are delinquent. R.C. 5721.14, 5721.18 and 5721.19 provide for foreclosure and forfeiture proceedings delinquent lands. R.C. 5721.14 requires notice of foreclosure and forfeiture proceedings against delinquent land tax properties to be published within thirty days after a complaint alleging such is filed by the county prosecutor. R.C. 5721.18 requires that notice be published within thirty days after the county prosecutor institutes a complaint for foreclosure against property subject to a lien of state. R.C. 5721.19(B) provides for the sale of land in tax foreclosure proceedings and requires that such land be sold in the manner provided by law for the sale of real property on execution.
The mere fact the statutes under consideration, like R.C.5721.03 and 5719.04, relate to unpaid property taxes is insufficient to render R.C. 5721.03 and 5719.04 applicable to those statutes. Likewise, any reference to delinquent land lists or delinquent tax lists within the text of the statutes does not imply that R.C. 5719.04 or 5721.03 is applicable to the statutes. Furthermore, we note that the placement of the definition of "newspaper of general circulation" in R.C. 5721.01 does not render the definition binding upon the following sections, as the Beacon Journal suggests, simply because the definition is placed near the beginning of the chapter. Careful review of the subject matter and implications of the statutes at issue indicates R.C. 5721.03
and 5719.04 are not applicable to those statutes.
In light of the foregoing, we find reasonable minds could only conclude that the definition of "newspaper of general circulation" included in R.C. 5721.01(B) does not apply to R.C.5721.14, 5721.18 and 5721.19. Thus, the Beacon Journal's first assignment of error is overruled.
 B. The trial court erroneously granted summary judgment tothe Akron Legal News based upon the R.C. 7.12 court journalexception even though pursuant to R.C. 7.11, the legislatureexpressly excepted the publication of notices in delinquentand forfeited land sale proceedings from the generalpublication statutes of Chapter 7 of the Revised Codeincluding the court journal exception to the generalcirculation requirement contained in R.C. 7.12.
In its second assignment of error, the Beacon Journal again argues summary judgment was improper, claiming R.C. 7.11 precludes the Legal News from publishing notices pursuant to R.C. 5721.14,5721.18 and 5721.19. We disagree.
R.C. 7.12 provides for the publication of legal notices in "newspaper[s] of general circulation." "A daily law journal which is designated as `the journal in which shall be published all calendars of the courts of record' pursuant to R.C. 2701.09
qualifies as a `newspaper of general circulation' under R.C. 7.12
and legal notices may be published in it." State ex rel. CourtIndex Press, Inc. v. Deters (1990), 56 Ohio St.3d 140, syllabus. Pursuant to Loc.R. 6.01 of the Summit County Court of Common Pleas, and in compliance with R.C. 2701.09, the Akron Legal News serves as Summit County's official daily law journal. See FallsSav. Bank, F.S.B. v. Cadwell (Jan. 31, 1991), Summit App. No. 14644, unreported at 3-5.
Despite this precedent, the Beacon Journal maintains the language of R.C. 7.11 precludes the Legal News from publishing legal notices pursuant to R.C. 5721.14, 5721.18 and 5721.19. R.C.7.11 provides that "[s]ections 7.10 to 7.13, inclusive, of the Revised Code, do not apply to the publication of notices of delinquent and forfeited land sales." R.C. 7.11 prohibits the Legal News from publishing notices of delinquent and forfeited land sales. Neither R.C. 5721.14 nor 5721.18 provides for the publishing of notices of delinquent and forfeited land sales. R.C. 5721.14 governs the institution of forfeiture or foreclosure complaints against delinquent land tax properties and indicates the manner in which notice of such proceedings is to be published. R.C. 5721.18 provides authority to the county prosecutor to file complaints for foreclosure upon properties subject to liens of state and requires notice of such foreclosure proceedings to be published within a certain time period. Both of these statutes provide for service of process by publication. Inasmuch as neither of these statutes concern the publishing of notices of forfeited and delinquent land sales, we reject the Beacon Journal's claim that R.C. 7.11 controls in their application.
We likewise find R.C. 5721.19(B) does not fall within the purview of the exception created by R.C. 7.11. R.C. 5721.19(B) governs notice of the sheriff's sale of property issued after judgment of foreclosure has been rendered in a treasurer's suit. It provides that "[e]ach parcel affected by the court's finding" must be "advertised and sold by the officer to whom the order of sale is directed in the manner provided by law for the sale of real property on execution." This language implies the sale must be advertised and sold in the same manner as sheriff's sales under R.C. 2329.26. In addressing the issue of whether the Legal News was permitted to publish notices of sheriff's sales pursuant to R.C. 2329.26, this court has held that R.C. 7.12 permits the daily law journals to publish such notices. Falls Savings, supra, at 3-6.
Nevertheless, the Beacon Journal maintains the notices of sheriff's sale in foreclosure proceedings provided for by R.C.5721.19(B) are notices of delinquent and forfeited land sales and are thus governed by R.C. 7.11. Again, we believe the Beacon Journal's interpretation expands the scope of the statute beyond the legislature's intention. R.C. 7.11 prohibits law journal from publishing notices of "delinquent and forfeited land sales." The notices contemplated by R.C. 7.11 are not notices of shreriff's sales pursuant to foreclosure, but rather notices such as those provided for under R.C. 5723.06.
We find reasonable minds could only conclude R.C. 7.11 does not preclude the Legal News from publishing notices pursuant to R.C. 5721.14, 5721.18 and 5721.19. Accordingly, the Beacon Journal's second assignment of error is overruled.
 III.
The Beacon Journal's two assignments of error are overruled. The order of the Summit County Court of Common Pleas granting summary judgment in favor of the Akron Legal News is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, P. J.
BAIRD, J.
CONCUR.