This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Corrine Nagelski and Richard Desist, appeal from the judgment of the Medina Municipal Court, granting default judgment in favor of appellee, Patricia Cunningham. We affirm.
In January 1998, Cunningham, as next best friend of Silver Cunningham, filed a complaint in the Medina County Court of Common Pleas, naming appellants as defendants. After several months of legal activity in the case, the matter was dismissed without prejudice on September 24, 1998.
On December 8, 1998, Cunningham filed a complaint against appellants in the Medina Municipal Court. No answer was filed by appellants. On January 14, 1999, Cunningham moved for default judgment against appellants, which the municipal court granted on January 21, 1999.
Appellants moved to vacate the default judgment on January 28, 1999. Cunningham responded in opposition to appellants' motion. Before the motion was determined by the trial court, appellants appealed to this court on February 22, 1999.
Appellants assert three assignments of error. We will address each in turn.
First Assignment of Error
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED PLAINTIFFS-APPELLEES' MOTION FOR DEFAULT JUDGMENT WITHOUT PROPER NOTICE TO DEFENDANTS-APPELLANTS.
 In their first assignment of error, appellants argue that the municipal court erred by granting Cunningham's motion for default judgment because they were not given notice, as required by Civ.R. 55(A). We disagree.
A lower court's decision to grant a motion for default judgment is reviewed under an abuse of discretion standard. Huffer v. Cicero (1995), 107 Ohio App.3d 65, 74. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Civ.R. 55(A) states in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
 Thus, if a party has "appeared in the action," that party must receive notice of the motion for default judgment. Otherwise, no notice is required.
Appellants contend that they were entitled to notice under Civ.R. 55(A). They argue that they had appeared in the action in the municipal court because (1) they had actively defended the action before the common pleas court, (2) Cunningham knew the whereabouts of appellants and their attorney, and (3) appellants' attorney had requested from Cunningham's attorney a courtesy copy of any complaint that might be filed and in fact received a courtesy copy of the complaint filed in the municipal court.
We conclude that Appellants were not entitled to notice, because they did not appear in the action before the municipal court. "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380, 390. Appellants did not perform any overt act that placed them before the municipal court. We find that mere interaction between counsel is insufficient to constitute an appearance for purposes of Civ.R. 55(A). See Hrabak v. Collins (1995), 108 Ohio App.3d 117, 124 ("[P]rivate communication between counsel, not part of the record in the case, is of no legal force or effect, and it would be unwarranted to raise these kinds of communications to the level of pleadings."). Likewise, defending one action does not mean that the party has appeared in subsequent actions. See Alliance Group, Inc., 115 Ohio App.3d at 389-90. The municipal court did not abuse its discretion by granting Cunningham's motion for default judgment. Accordingly, the first assignment of error is overruled.
Second Assignment of Error
 DEFENDANTS-APPELLANTS SATISFIED THE REQUIREMENTS FOR VACATING A DEFAULT JUDGMENT UNDER CIVIL RULE 60(B).
 Appellants argue in their second assignment of error that they were entitled to have the default judgment vacated under Civ.R. 60(B). These contentions cannot be addressed by this court. Before the municipal court could rule on appellants' motion under Civ.R. 60(B), appellants filed their notice of appeal. Because a ruling has not been issued by the court below, we cannot address the propriety of whether appellants were entitled to relief on those grounds. Appellants' second assignment of error is overruled.
Third Assignment of Error
 THE DEFAULT JUDGMENT RENDERED AGAINST DEFENDANTS-APPELLANTS SHOULD BE VACATED AND THIS CASE REMANDED TO THE TRIAL COURT FOR A DETERMINATION ON THE MERITS.
 In the third assignment of error, appellants merely reiterate their arguments from the first and second assignments of error. Having found no merit to either of those assignments of error, the third assignment of error is likewise overruled.
Appellants' assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, P.J.
WHITMORE, J.
CONCUR