OPINION *Page 2 
{¶ 1} Plaintiff William L. Miller appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which overruled his motion to vacate its previous judgment granting a divorce to appellant and defendant-appellee Jeanne Miller. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 3} The record indicates the parties had entered into a separation agreement which the court approved and adopted as part of the divorce decree entered on July 13, 2006. On October 26, 2006, appellant filed his motion for relief from judgment pursuant to Civ. R. 60 (B).
 {¶ 4} Civ. R. 60 (B) states in pertinent part:
 {¶ 5} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) *Page 3 
and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 6} In GTE Automatic Electric Company v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, the Ohio Supreme Court held to prevail on a motion brought pursuant to Civ. R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken.
 {¶ 7} Appellant based his motion on Civ. R. 60 (B)(3), fraud, misrepresentation, or other misconduct of the adverse party. Appellant alleged appellee had failed to disclose a payment of $140,000 from her insurance company on her disability claim. Appellant alleged had he been aware of the settlement, he would not have entered into the separation agreement.
 {¶ 8} The trial court overruled the motion without conducting a hearing. Appellant did not request a hearing.
 {¶ 9} A party is not automatically entitled to a hearing on a Civ. R. 60 (B) motion, Hrabak v. Collins (1995), 108 Ohio App. 3d 117. InHarris v. Harris (February 5, 2001), Stark App. No. 2000CA00196, we found a movant is not entitled to evidentiary hearing if the movant fails to allege operant facts which, if true, would be sufficient to establish each of the elements of the GTE test, Harris at 4, citations deleted. *Page 4 
 {¶ 10} The trial court had affidavits from both parties on the subject, as well as the separation agreement. We find under the circumstances, the court had the necessary evidence before it and was not required to conduct an evidentiary hearing.
 {¶ 11} In his motion and supporting affidavit, appellant asserted he had been unaware appellee expected a settlement payment until after the parties were divorced and the IRS contacted him. Appellee responded with an affidavit, alleging appellant was aware of her claim for disability benefits since at least 2004. She stated the parties were living separately, and she used her disability benefits to supplement her income. Appellee's affidavit alleged throughout the negotiations to settle the division of property and support issues, she had maintained the balance of the disability benefit account should be her separate property. Appellee denied withholding any information or making any misrepresentation regarding the funds, and directed the trial court's attention to the separation agreement which references the disability benefits account.
 {¶ 12} The separation agreement provides at paragraph 17 the parties agree to equally divide all bank accounts and stock accounts with the exception of the proceeds of the sale of appellee's Surge stock and appellee's disability benefits account.
 {¶ 13} Appellant had represented to the court in his affidavit he was unaware of the existence of the disability benefits, but the record demonstrates otherwise. Nevertheless, appellant argues he was unaware of the size of the lump sum appellee received.
 {¶ 14} Although it appears the parties sought discovery from each other, there is nothing in the record to indicate whether appellant inquired about the size of the *Page 5 
disability payment. Appellee represents the account had been depleted prior to the divorce.
 {¶ 15} We find the trial court did not abuse its discretion in overruling appellant's motion for relief from judgment. The assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., and Delaney, J., concur; Farmer, J., dissents
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.