OPINION
Defendant-appellant Wilma Harris appeals the June 6, 2000, Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying appellant's Civ.R. 60(B) Motion to Vacate a Judgment Entry. Plaintiff-appellee is Marvin Harris.
 STATEMENT OF THE FACTS AND CASE
This case originated on March 11, 1983, when plaintiff-appellee Marvin Harris [hereinafter appellee] filed a Complaint for Divorce. On April 24, 1984, a hearing was held at which time the parties entered into an oral Separation Agreement. The Referee's Report adopted and approved the oral Separation Agreement. On April 30, 1984, appellant filed a Motion to Reset Financial Issues for Trial with an accompanying affidavit. In her affidavit, appellant alleged that she did not fully understand the terms of the oral Separation Agreement and that she was suffering from stress and receiving psychological help during the pendency of the proceedings. The matter was set for trial. On June 15, 1984, after an April 24, 1984, hearing on appellant's Motion to Reset Financial Issues for Trial, the trial court issued a Judgment Entry which found that both parties made full disclosure of the extent of property and that there was no evidence of fraud or duress by either party. The trial court concluded that the oral Separation Agreement should not be set aside. In accordance with the court's findings, the trial court filed the Final Decree of Divorce on July 5, 1984. On April 19, 2000, appellant filed a Motion for Relief from Judgment and to Vacate a Voidable Judgment, pursuant to Civ.R. 60(B)(4) and (5). Appellant alleged that the trial court had failed to properly divide the appellee's pension benefits through the Timken Company. Appellant filed an accompanying affidavit in which she provided an explanation as to why the Motion for Relief from Judgment was not filed at an earlier date, i.e. "Subsequent to the divorce, it was my understanding that I was automatically entitled to a spouse's share of the Timken Company Pension and not having received any, I was informed by a friend in December of 1999 that I should have received a portion of my former husband's pension. Upon receipt of that information, I attempted to secure an attorney with respect thereto, and in January of 2000, I was referred to [my current counsel]. . . . On or about the time that the Decree of Divorce was entered, I was suffering from emotional problems and was not accurately dealing with reality of the circumstances in my life. On December 12, 1985, my son past [sic] away which further aggravated the emotional problems which I had, and again, which prevented me from accurately focusing on the equities of my divorce settlement and my entitlements with respect thereto". A hearing on the Motion for Relief from Judgment was held on May 22, 2000. While counsel presented arguments, no testimony was presented. That same day, the trial court issued a Judgment Entry denying appellant's Motion for Relief. On May 25, 2000, appellant filed a request for Findings of Fact and Conclusions of Law, pursuant to Civ.R. 52. On June 6, 2000, the trial court issued another Judgment Entry and Findings of Fact and Conclusions of Law, again denying appellant's Motion for Relief from Judgment. It is from the June 6, 2000, Judgment Entry that appellant appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY HOLDING THAT THE DECREE OF DIVORCE DISTRIBUTED APPELLEE'S TIMKEN PENSION PLAN SOLELY TO APPELLEE THROUGH A CATCH-ALL PROVISION WHICH AWARDED EACH PARTY THE PERSONAL PROPERTY IN HIS OR HER POSSESSION RATHER THAN HOLDING THAT THE DECREE OF DIVORCE FAILED TO DIVIDE APPELLEE'S PENSION.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE WHETHER APPELLANT WAS ENTITLED TO RELIEF UNDER CIV. R. 60(B) WHERE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT ALLEGED SUFFICIENT GROUNDS FOR RELIEF AND WAS SUPPORTED BY EVIDENCE THAT WOULD WARRANT RELIEF FROM JUDGMENT.
In her first assignment of error, appellant argues the trial court erred and abused its discretion when it found that the Divorce Decree distributed appellee's pension solely through a clause which stated "[e]ach party shall keep the personal property now in their possession, free and clear of any claim of the other party." Findings of Fact and Conclusions of Law filed June 6, 2000. However, while appellant correctly states the trial court's Findings in regards to the personal property clause, the trial court also found that the "Civ.R. 60(B) had not been filed within a reasonable period of time. Findings of Fact and Conclusions of Law, as incorporated into June 6, 2000, Judgment Entry. We review the trial court's decision under an abuse of discretion standard. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Civ.R. 60(B) provides, in pertinent part: On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
A party seeking relief from a default judgment pursuant to Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed. See, GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146; Blasco v. Mislik (1982),69 Ohio St.2d 684. We fail to reach appellant's first assignment of error because we agree with the trial court that appellant's Motion for Relief was not filed within a reasonable time and, therefore, appellant was not entitled to relief. Appellant was aware of appellee's pension during the divorce proceedings. Appellee acknowledged the pension in his financial affidavit filed April 18, 1983. On June 1, 1984, appellant, through counsel, subpoenaed information concerning appellee's pension benefits from his employer. Although appellant knew of these pension benefits, and the Final Decree of Divorce was filed July 5, 1984, appellant did not file the Civ.R. 60(B) Motion until April 19, 2000. In the 60(B) Motion, the only explanation as to the over 15 year delay was that appellant assumed she was automatically entitled to a spouse's share of the pension, but not having received anything, she was told by a friend in December, 1999, that she should have received a portion of the pension. Further, she stated that she was "suffering from emotional problems and was not accurately dealing with the reality of the circumstances in [her] life", aggravated by the death of her son on December 12, 1985. Appellant's affidavit in support of the Motion for Relief, para. 7 8. No further details or evidence indicating the severity or duration of appellant's difficulties were presented. We find that appellant has failed to meet the timeliness prong of Civ.R. 60(B). Over 15 years and eight months passed from the time of the Final Divorce Decree and the Motion for Relief. The record further reflects that appellant was aware of the existence of the pension benefits during the divorce proceedings and thereafter. Under the facts of this case, we find that the trial court did not abuse its discretion in finding appellant's Motion for Relief untimely. Appellant has failed to show that her Motion for Relief was filed within a reasonable period of time from the time of the issuance of the Final Divorce Decree. Therefore, appellant was not entitled to relief. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court should have conducted an evidentiary hearing on appellant's Civ.R. 60(B)(4) (5) Motion. Initially, we note that a party is not automatically entitled to a hearing on a Civ.R. 60(B) motion. Hrabak v. Collins (1995), 108 Ohio App.3d 117. As stated in assignment of error I, in order to prevail, a party must meet each of the three prongs of the GTE test, including the requirement that the motion be filed in a reasonable amount of time after the issuance of the Judgment Entry from which relief is sought. If a movant fails to allege operative facts that, if true, would be sufficient to establish each of the elements of the GTE test, the movant is not entitled to an evidentiary hearing. State ex rel. Richard v. Seidner (1997), 78 Ohio St.3d 116, 117, 676 N.E.2d 889; Sheaks v. Revels (March 27, 2000), Stark App. No. 1999CA00222, unreported, 2000 WL 329935. We review the trial court's decision as to whether to conduct an evidentiary hearing under an abuse of discretion standard. See e.g., Donovan v. Middleton (Feb. 17, 1998), Stark App. No. 1997CA00186, unreported, 1998 WL 172854. We find that the trial court did not abuse its discretion. First, we note that appellant failed to request an oral hearing. Appellant did not request an evidentiary hearing in its Motion for Relief and did not make such a request or attempt to present evidence at the hearing which was held on the motion on June 6, 2000. Failure to request an oral hearing constitutes a waiver of any right to such a hearing. Campion v. Campion (Nov. 8, 1984), Cuyahoga App. No. 47945, unreported, 1984 WL 3560. Furthermore, appellant failed to present sufficient operative facts in the motion as to why the motion was timely, especially in light of the fact that over 15 years had passed since the Final Divorce Decree was issued and appellant was aware of appellee's pension at the time of the divorce. Upon review of the record, we find that the trial court did not abuse its discretion in failing to conduct an evidentiary hearing on appellant's motion.
Appellant's second assignment of error is overruled. The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
Edwards, J. Hoffman, P.J. and Reader, J. concur