[Cite as *Watters Mfg. Co. v. Jem Industries, Inc.*, 2011-Ohio-2405.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95723**

---

## WATTERS MANUFACTURING CO.

PLAINTIFF-APPELLEE

vs.

## JEM INDUSTRIES, INC.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-702024

**BEFORE:**   Cooney, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   May 19, 2011

**ATTORNEYS FOR APPELLANT**

Carl P. Kasunic
Matthew W. Weeks
Carl P. Kasunic Co., L.P.A.
4230 State Route 306
Building 1 – Suite 300
Willoughby, Ohio 44094

**ATTORNEY FOR APPELLEE**

Thomas C. Pavlik
Novak, Robenalt & Pavlik, LLP
Skylight Office Tower
1660 West 2nd Street, Suite 950
Cleveland, Ohio 44113-1419

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, JEM Industries, Inc. ("JEM"), appeals the trial court's denial of its Civ.R. 60(B) motion for relief from judgment. We find no merit to the appeal and affirm.

{¶ 2} JEM is a refrigerator manufacturer. Beginning in the mid-1990's, JEM began a business relationship with plaintiff-appellee, Watters Manufacturing Co. ("Watters"), in which Watters supplied JEM with various parts for its refrigeration products. The relationship ended in 2009 when the parties could not agree on the exact balance due to Watters on outstanding invoices. Watters hired a collection agency and received three

payments from JEM early in 2009 totaling $7,500. However, in August 2009, Watters filed suit to collect the remaining debt, which it alleged totaled $87,615.56.

**{¶ 3}** JEM disputed the amount of the alleged debt, and the parties engaged in settlement negotiations. JEM indicated there were discrepancies in its account dating back to 1999 for uncredited returned merchandise, bills for parts that were never delivered, and other billing errors. JEM submitted numerous documents to Watters' counsel documenting the discrepancies. Watters claims it matched JEM's documents to its own records and credited JEM's account where appropriate.

**{¶ 4}** Meanwhile, Watters' case was pending in the common pleas court. JEM never filed an answer, and Watters filed a motion for default. The court scheduled a default hearing, which was continued several times at Watters' request because the parties were attempting to reach a settlement. Ultimately, Watters obtained a default judgment against JEM in January 2010 in the amount of $75,025.31, which Watters claimed represented the unpaid balance after appropriate credits were made.

**{¶ 5}** On July 23, 2010, JEM filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (3), (4), and (5). JEM claimed it had a meritorious defense to Watters' claim because it was entitled to a setoff for

merchandise JEM never received, and because it had paid the entire balance owed to Watters. The trial court denied the motion without a hearing. In its journal entry, the court explained:

> "The claim of a meritorious defense of setoff or accord and satisfaction is not credible, especially considering the plaintiff sought a default judgment in an amount $12,590.25 less than the amount of the complaint. That supports the plaintiff's assertion that all of the defendant's claimed setoffs and credits were taken into account when calculating the damages requested in the default motion.
>
> \* \* \*
>
> "The defendant's neglect of the lawsuit has not been shown to be excusable.
>
> "There is no newly discovered evidence.
>
> "The plaintiff did not engage in fraud, misrepresentation or other misconduct. The evidence supports a conclusion that the plaintiff patiently cooperated with the defendant to get right the amount claimed as damages."

{¶ 6} JEM now appeals, raising two assignments of error. In the first assignment of error, JEM argues the trial court abused its discretion by denying Watters' motion for relief from judgment. In the second assignment of error, JEM argues the trial court erred in denying its motion for relief from judgment without holding an evidentiary hearing.

{¶ 7} JEM contends the trial court should have granted it relief from judgment pursuant to Civ.R. 60(B)(1), (3), (4), and (5). Civ.R. 60(B)(1), (3), (4), and (5) provide that the court may relieve a party from judgment for the following reasons:

{¶ 8} "(1) mistake, inadvertence, surprise or excusable neglect; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * *; or (5) any other reason justifying relief from the judgment."

{¶ 9} To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. Id. at 151, 351 N.E.2d 1122.

{¶ 10} The trial court denied JEM's motion because JEM failed to establish excusable neglect, failed to raise a meritorious defense, and because the motion was not timely. Any one of these findings would preclude relief from judgment under Civ.R. 60(B). *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134. Because they are dispositive, we will first address JEM's excusable neglect and timeliness arguments.

{¶ 11} JEM argues its neglect of the pending lawsuit against it was excusable because Watters mislead JEM into believing it would not prosecute its case while the parties were negotiating. JEM also claims that Watters' representation that it would meet with JEM to further negotiate their dispute excused its attendance at scheduled court appearances.

{¶ 12} What constitutes "excusable neglect" depends on the facts and circumstances of each case. The concept of "excusable neglect" is a remedial rule and is to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648, quoting *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605. Also, *GTE* states that neglect is not "excusable" when it constitutes "a complete disregard for the judicial system and the rights of the appellee." *GTE* at 153.

{¶ 13} The principle of excusable neglect is closely related to the timeliness element of Civ.R. 60(B). Whether a Civ.R. 60(B) motion is filed within a reasonable time also depends on the facts and circumstances of the particular case. *Colley* at 249-250, 416 N.E.2d 605. The movant bears the burden of submitting factual material that demonstrates the timeliness of the motion. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 103, 316 N.E.2d 469.

{¶ 14} A motion to vacate a default judgment, which is filed nearly one year after actual notice of the action and more than six months after default judgment was entered, does not, on its face, satisfy the reasonable time requirement. When a movant is aware that there are grounds for relief and delays filing the motion, the movant must provide a reasonable explanation for the delay. *Kaczur v. Decara*, Cuyahoga App. No. 67546, 1995-Ohio-3038 (Civ.R. 60(B) motion untimely filed when movant offered no reasonable explanation for a

nine-month delay in filing the motion); *Sec. Fed. Sav. & Loan Assn. of Cleveland v. Keyes* (June 29, 1990), Geauga App. No. 89-G1524 (holding that failure to explain an 18-week delay in filing a motion to vacate the default judgment was untimely). In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion. *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 413 N.E.2d 850, paragraph two of the syllabus.

{¶ 15} JEM admits it was aware of the court's scheduled default hearing but decided not to attend the hearing because the parties were negotiating. JEM claims it had a reasonable expectation that Watters would resolve the case even though Watters believed JEM owed $75,025.31 and JEM believed it owed Watters nothing. From our view, the parties were not close to reaching a settlement, and JEM's willful decision not to attend the default hearing or at least request a continuance demonstrates "a complete disregard for the judicial system and the rights of the appellee." *GTE* at 153.

{¶ 16} After Watters obtained the default judgment in January 2010, JEM waited six months before filing its motion for relief from the default judgment. JEM's only explanation for the delay is that Watters mislead it into believing they would settle the case and that, in reliance on this belief, JEM postponed hiring counsel. As previously explained, JEM's belief that the parties would reach a settlement was not reasonable since the parties were $75,025.31 apart. Moreover, even if we were to accept that excuse for not attending the default hearing,

it does not explain why JEM waited six months before filing the motion for relief from judgment.

{¶ 17} A movant is not entitled to a hearing on a motion for relief from judgment if the motion or supporting affidavits do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *Hrabak v. Collins* (1995), 108 Ohio App.3d 117, 121, 670 N.E.2d 281; *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136. Having failed to provide a reasonable explanation for the delay, we find the tripartite test set forth in *GTE* for obtaining relief from judgment was not met and the trial court properly denied the motion.

{¶ 18} Accordingly, we overrule both assignments of error.

Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR