OPINION
{¶ 1} Jack Mattachione is appealing the judgment of the Fairborn Municipal Court which denied his motion to vacate his conviction for obstructing justice.
 {¶ 2} In 1996, Mattachione pled guilty to the minor misdemeanor of obstructing justice as a part of a plea bargain. In 2003, Mattachione attempted to have his conviction expunged. The trial court denied the motion because Mattachione had also been convicted in federal court of receiving an illegal gratuity, and thus, he was not a "first offender" for expungement purposes. The trial court's decision was upheld by this Court on appeal. On March 1, 2004, Mattachione filed a motion to vacate his judgment of conviction. A hearing was held on the motion. At the hearing, both Mattachione and the prosecutor argued the motion under the post conviction relief statute, R.C. 2953.21. In its judgment, the trial court determined that R.C. 2953.21 has no applicability to municipal court convictions. In effect, the trial court analyzed Mattachione's motion as a motion to withdraw a guilty plea post sentence as provided under Criminal Rule 32.1. The trial court determined that Mattachione had not made the necessary showing of manifest injustice to support a withdrawal of his plea. Therefore, the trial court denied his motion.
 {¶ 3} Mattachione now files this appeal from that judgment, raising the following assignments of error:
 {¶ 4} "I. The trial court committed error prejudicial to the due process of the appellant and abused its discretion in their {sic} determination the appellant and the appellee were confused.
 {¶ 5} "II. The trial court committed error to due process of the appellant and abused its discretion in their {sic} determination that post conviction relief and vacation motion proceedings are not similar proceedings and a motion to vacate is also a remedial law in nature and should be interpreted in favor of the appellant-defendant.
 {¶ 6} "III. The trial court commited {sic} error prejudicial to the due process of the appellant and abused its discretion in their determination that defendant lacked any evidence to support his position.
 {¶ 7} "IV. The trial court committed error prejudicial to the due process of the appellant and abused its discretion in their {sic} determination that this motion for vacation was {sic} an undue delay."
 Appellant's first and second assignment's of error: {¶ 8} Mattachione argues in these assignments of error that the trial court erred in analyzing his motion to vacate the judgment of conviction as a motion to withdraw his plea post sentence when it should have analyzed the motion as a petition for post conviction relief pursuant to R.C. 2953.21 et seq. We disagree.
 {¶ 9} The Ohio Supreme Court stated in Dayton v. Hill
(1970), 21 Ohio St.2d 125, 128 that R.C. 2953.21 does not apply to persons convicted of violating a municipal ordinance. InState v. Reyland (Feb 5, 1999), Montgomery App. No. 17328, this Court addressed a situation in which a defendant was convicted of committing domestic violence in a municipal court and later filed a petition for post-conviction relief that was dismissed by the municipal court. In Reyland, we upheld the municipal court's dismissal of the defendant's petition for post conviction relief and stated, "[a] municipal court has no authority to review convictions pursuant to R.C. 2953.21 [the post conviction relief statute], whether for violations of state statute or a municipal ordinance." Id. We reached this determination because R.C.1901.13 grants a municipal court several additional powers, including the power to vacate a judgment over which it has jurisdiction. Id. However, the statute does not grant a municipal court the power to consider petitions for post conviction relief. Thus, in Reyland, we drew a distinction between considering a petition for post-conviction relief and a motion to vacate a judgment, finding that municipal courts are permitted to vacate a judgment entered by their court but not able to consider petitions for post conviction relief.
 {¶ 10} In his first two assignments of error Mattachione argues that the trial court should have analyzed his motion to vacate the judgment as a court would analyze a petition for post conviction relief. He is incorrect. As we said in Reyland a motion to vacate and a petition for post conviction relief are different. Since a municipal court does not have the authority to consider a petition for post conviction relief, the trial court did not abuse its discretion in declining to treat Mattachione's motion as a petition for post conviction relief.
 {¶ 11} However, the trial court did not conduct the correct analysis of the motion. In his motion, Mattachione states that he is seeking to vacate his conviction pursuant to R.C. 1901.13 The trial court treated Mattachione's motion as a motion to vacate a guilty plea post-sentence and analyzed it accordingly. Yet, Mattachione's motion was a motion to vacate a judgment, not a motion to withdraw his plea. Therefore, the trial court erred in its treatment of Mattachione's motion.
 {¶ 12} However, the trial court's error was harmless as the same result would have been reached even if the trial court had analyzed Mattachione's motion correctly.
 {¶ 13} R.C. 1901.13 does not set any standards by which a trial court should adjudicate a motion to vacate, and the situation in which a municipal court has been asked to vacate one of its judgments pursuant to 1901.13 has rarely been considered on appeal. This Court considered such a case in Dayton v. Davis
(Mar. 5, 1984), Montgomery App. No. 8346. In Davis, a defendant, who was convicted in a municipal court, filed a motion to vacate the judgment. The trial court utilized Crim. R. 57(B), which directs a court to look to the rules of civil procedure if no rule of criminal procedure exists, to use Civ. R. 60(B)'s standards for granting relief from judgment to analyze the motion to vacate the judgment of conviction. Id. In Davis, although we do not explicitly state that this is the proper procedure for analyzing motions to vacate judgments, we did find that the trial court's use of Civ.R. 60(B) to vacate the judgment was not an abuse of discretion.
 {¶ 14} In applying Civ.R. 60(B) to Mattachione's motion, we find that the trial court would have reached the same conclusion even if it had conducted the proper analysis. Civil Rule 60(B) permits a court to relieve a party from a final judgment for one the following five reasons, "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." A motion based on the first three reasons in Civ. R. 60(B) must be made within one year of the judgment. Id. For the fourth and fifth reason listed in the rule, the motion must still be made within a reasonable time. Id.
 {¶ 15} Mattachione's motion to vacate the judgment of conviction was filed approximately eight years after his conviction. Therefore, the first three reasons listed in Civ.R. 60(B) are not available to him and if he is to succeed he must rely on either the fourth or fifth reason provided in the rule. However, under either Civ.R. 60(B)(4) or (5), Mattachione's motion must have been raised within a reasonable time. Mattachione's misdemeanor conviction was in 1996, yet he did not file this motion until 2004. Mattachione states in his appellate brief that the police officer involved in the traffic incident that gave rise to his conviction was terminated from the police force due to misconduct in another case. Mattachione states that this termination occurred twelve months after the traffic incident in his case. The criminal docket states that Mattachione's violation occurred on December 27, 1995. Therefore, even assuming that Mattachione is correct that the police officer that cited him was terminated twelve months later, Mattachione cannot explain the delay from the beginning of 1997 until he filed his motion in 2004. Seven years lapsed from the time that the police officer in question was terminated until Mattachione raised the issue. Mattachione offers no reason for the delay. Mattachione states in his appellate brief that he did not know of the officer's misconduct at the time of the conviction. However, he states that he discovered the information when he was researching his appeal of the trial court's denial of his petition to have his conviction expunged. Yet, Mattachione has offered no evidence to indicate how he was in any way prevented from obtaining this information in the seven years between the officer's termination and when he filed his motion in this case. Just because Mattachione did not discover the information until years later does not mean that the information was not discoverable with due diligence at an earlier time.
 {¶ 16} Because seven years elapsed from the time that the officer who bought charges against Mattachione was terminated for improper conduct and when Mattachione chose to bring this action, we cannot find that he brought his motion to vacate within a reasonable time. Thus, even if the trial court had analyzed the motion to vacate the judgment with the proper standard, Mattachione would not have succeeded as his motion was not made within a reasonable time. The trial court's error in analyzing Mattachione's motion as a motion to vacate his guilty plea was harmless error.
 {¶ 17} Appellant's first and second assignments of error are without merit and overruled.
 Appellant's third assignment of error: {¶ 18} Mattachione argues the trial court erred in concluding that Mattachione lacked any evidence to support his assertions. We disagree.
 {¶ 19} When a transcript is not provided, the appellate court must assume the validity of the lower court proceedings. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197; see also,State v. Anderson (Aug. 24, 2001), Delaware App. No. 00CAA12039. This Court has previously said that it is the appellant's burden to demonstrate in the record the errors he has assigned, which in many instances requires a transcript. CountrySquare Properties v. Dunker (Jan. 29, 1979), Montgomery App. No. 6124. In this case, Mattachione did not file a transcript of the hearing on his motion. In its judgment on the motion, the trial court states that it held the hearing because Mattachione had not provided any evidence in his motion. Further, the trial court stated that at the hearing Mattachione offered no evidence but merely made allegations. Without a transcript of the hearing, we have nothing in the record to show that Mattachione entered evidence into the record at the hearing or that he even attempted to do so. Therefore, since we do not have a transcript of the hearing, we must assume that the trial court was accurate in its statement that Mattachione presented no evidence in support of his motion. Appellant's third assignment of error is without merit and overruled.
 Appellant's fourth assignment of error: {¶ 20} Mattachione argues that the trial court erred when, in analyzing his motion as a motion to vacate his plea, it determined that the motion had been filed after an undue delay. We disagree.
 {¶ 21} In this assignment of error, Mattachione erroneously argues that the trial court should have analyzed his motion to vacate as the court would a petition for post conviction relief. Mattachione then asserts that because petitions for post conviction relief do not have a statute of limitations, there is no time limit as to when he can bring his motion. However, as we stated in the first and second assignments of error, a petition for post conviction relief and a motion to vacate a judgment are different and require different analyses. The trial court should not conduct a post conviction relief analysis on a motion to vacate a judgment. However, as we said above, it is proper to analyze motions to vacate a conviction in a municipal court as one would a motion pursuant to Civ.R. 60(B) in a civil action. Civ.R. 60(B) does set a time restriction on such motions, requiring that they be filed within a reasonable time. As we stated in the first and second assignments of error, Mattachione's motion was not filed within a reasonable time and therefore, could not be sustained. Therefore, the trial court did not commit reversible error in determining that Mattachione filed his motion after an undue delay. Appellant's fourth assignment of error is without merit and overruled.
 {¶ 22} The judgment of the trial court is affirmed.
Brogan, P.J. and Wolff, J., concur.