[Cite as *State v. Alexander*, 2014-Ohio-4859.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### DARKE COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

DAVID ALEXANDER

      Defendant-Appellant


Appellate Case No.    2014-CA-5

Trial Court Case No.   2013-TRD-001-0642


(Criminal Appeal from
 Municipal Court)

. . . . . . . . . . .

### O P I N I O N

Rendered on the 31st day of October, 2014.

. . . . . . . . . . .

JESSE J. GREEN, Atty. Reg. No. 0040265, Darke County Municipal Prosecutor, 504 South Broadway Street, Third Floor, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

BARRY S. GALEN, Atty. Reg. No. 0045540, 111 West First Street, Suite 519, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, David Alexander, appeals from the decision of the Darke County Municipal Court denying his Civ.R. 60(B) motion to vacate his conviction for speeding. Alexander claims the trial court abused its discretion in summarily denying the motion without holding an evidentiary hearing.   Upon reviewing the record, we agree that the trial court abused its discretion by not holding an evidentiary hearing in this matter.   Therefore, the judgment of the trial court will be reversed, and the matter will be remanded to the trial court for the sole purpose of holding an evidentiary hearing on Alexander's Civ.R. 60(B) motion.

**Facts and Course of Proceedings**

{¶ 2}   On March 11, 2013 at 11:09 p.m., Deputy R. Beisner of the Darke County Sheriff's Department issued a traffic citation in Monroe Township alleging that Alexander was speeding in violation of R.C. 4511.21(D)(1).   The citation ordered Alexander to appear in court on March 26, 2013, and stated that his personal appearance was not required.   The citation listed Alexander's address as 620 Shroyer Road, Apt. C, Dayton, Ohio.

{¶ 3}   Alexander neither paid the fine for the citation nor appeared in court on March 26, 2013.   As a result, on April 1, 2013, the court sent Alexander a notice that his driver's license would be forfeited if he did not pay the fine by May 1, 2013.   The notice was addressed to Alexander at 8981 Kingsridge Drive, Dayton, Ohio.   After the notice was sent, at 4:05 p.m. on April 18, 2013, Alexander's fine was paid with a credit card.   The same day, the disposition of the case was noted on the docket as a "guilty waiver."

{¶ 4}   Six months later, on October 22, 2013, Alexander filed a motion to vacate the

April 18, 2013 speeding conviction. In the motion, Alexander claimed he was not the driver of the vehicle that was stopped for speeding on March 11, 2013, and that he did not thereafter pay the fine on April 18, 2013. Additionally, Alexander claimed he had no knowledge of the speeding conviction until he was informed of it during a traffic stop in September 2013.

{¶ 5} In a supporting affidavit filed with his motion to vacate, Alexander averred that the vehicle stopped for speeding on March 11, 2013, was purchased by him for the exclusive use of Derek Jasper, a person Alexander has known for several years and who Alexander claimed resided at 5550 Autumn Leaf Drive, Trotwood, Ohio. Alexander's affidavit also stated that he did not pay the fine on April 18, 2013. Rather, Alexander claimed that he was working that day at the Dayton Mall as a sales clerk for Macy's from 11:50 a.m. until 8:14 p.m. In support of this claim, Alexander attached a printout of his time card from Macy's indicating the same.

{¶ 6} The affidavit also provided Alexander's personal information, including his address at 52 Pulaski Street, Dayton, Ohio; the last four digits of his social security number; and his birthday. The social security number Alexander provided matches the one listed on the citation; however, Alexander notes in his affidavit that the citation incorrectly lists the year of his birth as 1987 instead of 1985. Alexander also averred that he inquired about the traffic citation with the Darke County Sheriff's Department and was informed that the driver did not provide a license to Deputy Beisner.

{¶ 7} Alexander's motion to vacate was set for a hearing on November 19, 2013. At the hearing, the trial court advised defense counsel that Alexander's motion to vacate was incorrectly framed as a motion for post-conviction relief under R.C. 2953.21 and Crim.R. 32.1. Accordingly, the trial court denied the motion, but advised Alexander that he could refile a new

motion under the proper rule and it "would be set for another day." Trans. (Nov. 19, 2013), p. 8.

{¶ 8}   On April 4, 2014, Alexander's defense counsel filed a Civ.R. 60(B) motion to vacate the speeding conviction on grounds of mistake.  In the motion, Alexander again alleged that he was not the driver of the vehicle stopped on March 11, 2013, and that he did not pay the fine on April 18, 2013 or otherwise plead guilty to speeding.  The trial court summarily denied the motion the day it was filed without a hearing.

{¶ 9}   Alexander now appeals from the trial court's decision denying his Civ.R. 60(B) motion, raising one assignment of error for review.


**Assignment of Error**

{¶ 10}   Alexander's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN FAILING TO CONVENE A HEARING AND

TO CONSIDER THE MERITS OF APPELLANT'S CIV.R. 60(B) MOTION.

{¶ 11}   Under his single assignment of error, Alexander contends the trial court abused its discretion in summarily denying his Civ.R. 60(B) motion without first holding an evidentiary hearing.  The State did not file a brief in opposition.

{¶ 12}   As a preliminary matter, we note that the trial court correctly concluded that Alexander improperly framed his motion to vacate under R.C. 2953.21 and Crim.R. 32.1.  In *State v. Reyland*, 2d Dist. Montgomery No. 17328, 1999 WL 89938, (Feb. 5, 1999), we upheld a municipal court's dismissal of a petition for post-conviction relief stating that, "[a] municipal court has no authority to review convictions pursuant to R.C. 2953.21, whether for violations of state statute or a municipal ordinance."  *Id*. at *3.  Instead, "municipal courts have the power to

vacate their judgments under R.C. 1903.13, and * * * the standards in Civ.R. 60(B) should be applied to motions to vacate a judgment of conviction." *State v. Minne*, 2d Dist. Montgomery No. 23390, 2010-Ohio-2269, ¶ 13, citing *State v. Mattachione*, 2d Dist. Greene No. 2004 CA 80, 2005-Ohio-2769, ¶ 9 and 13.

{¶ 13} Civ.R. 60(B) allows parties to be relieved from final orders or judgments on the following grounds:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 14} " 'To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Minne* at ¶ 16, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "A meritorious defense is one which, if proved, would entitle a party to the relief requested." *Williamson v. Saranda Consol.*

*Ltd. Partnership*, 2d Dist. Montgomery No. 11507, 1989 WL 150791, *4 (Dec. 14, 1989). " 'These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met.' " *Minne* at ¶ 17, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 15} We review the trial court's determination of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 16} " '[A] movant has no automatic right to a hearing on a motion for relief from judgment.' " *GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 33 (2d Dist.), quoting *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1995). Nevertheless, it is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). (Citations omitted.) *Id.* Also, "where facts set forth in a Civ.R. 60(B) motion are disputed or uncertain, an evidentiary hearing is required." (Citation omitted.) *Dugger v. Spratt*, 10th Dist. Franklin No. 94APE12-1713, 1995 WL 454736, *3 (July 25, 1995).

{¶ 17} Here, Alexander's Civ.R. 60(B) motion alleged operative facts that could constitute mistake under Civ.R. 60(B)(1).[1] Specifically, Alexander claims that Jasper caused the

---

[1] " 'The type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the

citing officer, Deputy R. Beisner, and the State to mistakenly believe that Alexander was the driver of the vehicle. Alexander also claims that Jasper caused the State and the trial court to mistakenly believe that he paid the fine and admitted guilt. In support of his argument, Alexander provided an affidavit averring misinformation on the citation and Jasper's exclusive use of the vehicle that was stopped for speeding. Alexander also provided a print out of his time card showing that he was at work when the fine was paid to the court.

{¶ 18} The veracity of Alexander's allegations is uncertain from the record. However, if it can be established that Jasper fraudulently identified himself and acted as Alexander, Alexander would have a potentially meritorious defense to the conviction. Given the uncertainty surrounding Alexander's claim, the trial court should have held an evidentiary hearing to clarify the matter. Our holding is further supported by the fact the trial court explicitly stated that the matter "would be set for another day" if Alexander filed a new motion under the proper rule. Trans. (Nov. 19, 2013), p. 8. While Alexander did not refile the motion until five months after the hearing, it was still filed within a year of his conviction, and there is no indication that the trial court denied the refiled motion as untimely.

{¶ 19} Under the facts and circumstances of this case, we find the trial court abused its discretion in failing to hold an evidentiary hearing to determine whether Alexander established grounds for relief under Civ.R. 60(B). Accordingly, Alexander's sole assignment of error is sustained.

---

trial court in its legal analysis.' " *Ford Motor Credit Co. v. Cunningham*, 2d Dist. Montgomery No. 20341, 2004-Ohio-6226, ¶ 15, quoting *Tonti v. Tonti*, 10th Dist. Franklin Nos. 03AP-494, 03AP-728, 2004-Ohio-2529, ¶ 130. (Other citations omitted.)

## Conclusion

{¶ 20}  Having sustained Alexander's sole assignment of error, the judgment of the trial court is reversed and the matter is remanded to the trial court for purposes of holding an evidentiary hearing on the Civ.R. 60(B) motion.

. . . . . . . . . . . .

FAIN and HALL, JJ., concur.

Copies mailed to:

Jesse J. Green
Barry S. Galen
Hon. Julie L. Monnin